# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

CARLOS MAISONET

v.                                                        C.A. NO. 10-514 ML

A.T. WALL ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

      Presently before the Court is a motion filed by plaintiff Carlos Maisonet ("Plaintiff"), *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 2). Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") pursuant to 42 U.S.C. § 1983 ("§ 1983") against A.T. Wall, Warden Weeden, Jeffrey Aceto, and C.O. Pinnerhro (Docket # 1). This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A ("§ 1915(e)(2)" & "§ 1915A", respectively), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and Plaintiff's motion to proceed *in forma pauperis* be DENIED.

## BACKGROUND

      The following factual background set forth in the Complaint is taken as true for the purposes of this Report and Recommendation.

      On July 15, 2010, a fellow inmate attacked Plaintiff with a weapon in the Maximum Security Segregation unit of the ACI. At the time of the attack, defendant correctional officers Aceto and Pinnerhro allowed the attack to occur because they were not at their assigned posts, presumably near the attack. As a result of the attack, Plaintiff suffered a torn cornea in his right eye, which required three sutures and which has caused permanent damage to Plaintiff's vision.

## DISCUSSION

### I.    Screening Under § 1915(e)(2) and § 1915A

      In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines, *inter alia*, that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, § 1915A directs courts to

screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A mirrors the legal standard employed in ruling on motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In order to survive a Rule 12(b)(6) motion a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, *see Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009), and review pleadings of a *pro se* plaintiff liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). However, the Court need not credit bald assertions or unverifiable conclusions. *See Iqbal*, 129 S.Ct. at 1949.

## II.     Eighth Amendment Claim

It is clear that prison officials have a duty to protect prisoners from violence at the hands of fellow inmates, and a violation of that duty can constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994); *Calderon-Ortiz v. LaBoy-Alvarado*, 300 F.3d 60, 63-64 (1st Cir. 2002). In order to establish liability under the Eighth Amendment for a prison official's failure to protect an inmate from harm, the prisoner must establish that the official was deliberately indifferent to a substantial risk of serious harm to the inmate. *Farmer*, 511 U.S. at 834. This two-part inquiry, consisting of an objective and a subjective component, requires a plaintiff to establish a "sufficiently serious" risk of harm to his safety and to show that the defendants were subjectively aware of the risk but failed to take reasonable measures to abate it. *Id*. at 834, 837.

Here, however, Plaintiff fails to allege adequate facts to support a conclusion that the named defendants acted with deliberate indifference to his safety. First, with respect to correctional officer defendants Aceto and Pinnerhro, although Plaintiff alleges their absence from their post enabled the inmate to attack Plaintiff, such facts do not allege deliberate indifference. Plaintiff fails to allege any facts indicating that the officers were aware that their behavior created a substantial risk of harm to Plaintiff or that the officers purposefully abandoned their post to allow the attack to occur. And, negligence does not rise to the level of an Eighth Amendment claim. *See Estelle*, 429 U.S. at 106 (medical negligence fails to rise to constitutional claim).

Second, Plaintiff fails to allege any acts of wrongdoing on the part of the other two named defendants, Rhode Island Department of Corrections Director A.T. Wall and Warden Weeden, and vicarious liability is not available in a § 1983 action. *See Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009).

Accordingly, the Complaint fails to state a claim on which relief may be granted and should be dismissed without prejudice. I so recommend.

## CONCLUSION

For the reasons set forth above, I recommend that the Complaint be DISMISSED without prejudice. Accordingly, I further recommend that Plaintiff's instant motion to proceed *in forma pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).


Jacob Hagopian
Senior United States Magistrate Judge
January 6, 2011